UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES D. GREEN,

Plaintiff,

v. Case No. 26-CV-1324

ANEEQ AHMAD,

Defendant.

## SCREENING ORDER

Plaintiff James D. Green, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court to screen the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It

must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

Plaintiff asserts that in July 2016, he hired Attorney Aneeq Ahmad to represent him in his criminal appeal. Although Mr. Ahmad promised to provide his "absolute best" in representing Plaintiff and was paid in full, Mr. Ahmad handled the appeal poorly. Plaintiff claims that Mr.

Ahmad was issued several disciplinary notices for missing almost every deadline for years, dragged the case along, inadequately argued issues, and ultimately abandoned the appeal. The appellate court found that all of Plaintiff's issues were abandoned, inadequately argued, and procedurally defaulted. Plaintiff seeks monetary damages. (ECF No. 1 at 1–2.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that Mr. Ahmad violated the Sixth Amendment of the United States Constitution by providing ineffective assistance. Plaintiff's ineffective assistance of counsel claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a state prisoner cannot bring a claim for damages under § 1983 if the claim "calls into question the lawfulness of his confinement, unless he can demonstrate that the underlying confinement has been invalidated through a direct appeal, postconviction relief, or some other means." *Hatcher v. Saldana*, No. 21-3104, 2022 WL 17668178, at *1 (7th Cir. Dec. 14, 2022). Because "no state or federal court has invalidated his confinement," *id.*, Plaintiff cannot proceed on his claim for damages based on his assertion that his appellate counsel provided ineffective assistance in violation of the Sixth Amendment. *See Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017).

Plaintiff also seeks to pursue a breach of contract claim against Mr. Ahmad. "When a plaintiff's federal law claims fail, courts routinely decline to exercise supplemental jurisdiction over remaining state law claims." *Patel v. Heidelberger*, 6 F. App'x 436, 438 (7th Cir. 2001)

(citing 28 U.S.C. § 1367). The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may have. Although relief in federal court is foreclosed to Plaintiff, he may pursue any state law claims in state court.

Plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). While a district court must generally allow a plaintiff the opportunity to file an amended complaint when it dismisses a complaint at screening, it is unnecessary in cases such as this one where the amendment would be futile. *See Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("[D]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile.").

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice** because Plaintiff's federal law claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the Court lacks subject-matter jurisdiction over any state law claim Plaintiff may have. The Clerk of Court shall enter judgment accordingly.

Dated at Green Bay, Wisconsin on August 28, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.